# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-00062-MR
# [CRIMINAL CASE NO. 1:05-cr-00023-MR-DLH-3]

| | |
|---|---|
| ROBERT LUTHER DOVER, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1]. For the reasons that follow, the Court finds that the petition must be dismissed as untimely.

## I. PROCEDURAL HISTORY

On April 26, 2005, Petitioner pled guilty pursuant to a written plea agreement to conspiring to distribute and possessing with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Criminal Case No. 1:05-cr-00023-MR-DLH-3, Doc. 81: Entry and Acceptance of Guilty Plea]. In the plea agreement, Petitioner stipulated that the amount of methamphetamine that was known to or reasonably

foreseeable by him was at least 35 grams but less than 50 grams. [Id., Doc. 71 at 2: Plea Agreement]. As part of the plea agreement, Petitioner agreed to waive his right to appeal or challenge in a post-conviction motion his conviction or sentence, except on the bases of ineffective assistance of counsel or prosecutorial misconduct. [Id., Doc. 71 at 5].

In preparation for Petitioner's sentencing hearing, the probation officer prepared a presentence investigation report ("PSR"), calculating a total offense level of 32, which included a three-level enhancement for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1), a three-level enhancement for creating a substantial risk of harm to both human life and/or the environment under U.S.S.G. § 2D1.1(b)(6)(B), and a three-level acceptance of responsibility reduction under U.S.S.G. § 3E1.1(a) and (b). With an offense level of 32 and a criminal history category of II, the probation officer recommended an advisory sentencing Guidelines range between 135 and 168 months. [Id., Doc. 410 at 7-8; 16: PSR]. The probation officer noted that Petitioner faced a mandatory minimum term of five years under 21 U.S.C. § 841(b)(1)(B). [Id.].

On February 9, 2006, this Court sentenced Petitioner to 135 months' imprisonment, the low end of the Guidelines range. [Id., Doc. 219:

Judgment]. Judgment was entered on February 24, 2006, and Petitioner did not appeal. [Id., Doc. 219: Judgment].

Petitioner placed the instant petition in the prison mailing system on March 26, 2012, and it was stamp-filed in this Court on March 30, 2012. [Doc. 1]. In the § 2255 petition, Petitioner contends that he is entitled to relief under the Fourth Circuit's en banc decision in United v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner contends that, under Simmons, he should not have received two criminal history points for his 1994 and 2003 convictions because these two convictions did not carry a sentence of more than one year. Petitioner also contends that he should not have received a two offense level enhancement at sentencing based on possession of a dangerous weapon.

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds

that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

As noted, judgment was entered on February 24, 2006, and Petitioner did not appeal. Petitioner's conviction, therefore, became final

ten days later on March 8, 2006, when his time to appeal expired. See United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires); Fed. R. App. P. 4(b)(1)(A) (effective until December 9, 2009) (requiring defendant to file an appeal within ten days of entry of judgment). Petitioner then had until March 8, 2007, to file a timely petition. Petitioner placed the instant § 2255 petition in the prison mailing system on March 26, 2012, and it was stamp-filed in this Court on March 30, 2012. Because Petitioner did not file the instant § 2255 petition within a year of when his conviction became final, his petition is subject to dismissal as untimely under Section 2255(f)(1), and none of the other time periods set forth under Section 2255(f) applies.[1]

Petitioner contends, alternatively, that this Court should apply equitable tolling.[2] To be entitled to equitable tolling, Petitioner must show

---

[1] In an affidavit attached to his petition, Petitioner appears to contend that his petition should be deemed timely under 28 U.S.C. § 2255(f)(3) because it was filed within one year of Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010). See [Doc. 1 at 16]. This timeliness argument has been foreclosed by the decision of the Fourth Circuit Court of Appeals in Powell v. United States, 691 F.3d 554 (4th Cir. 2012). The Government often waives the statute of limitations with regard to section 2255 claims made pursuant to Simmons. As addressed *infra*, however, Petitioner's claim does not raise any issue to which Simmons would apply, so no waiver of the statute of limitations has been offered in this case.

[2] Petitioner brings, as "Ground Three" in the petition, a claim for "Equitable Tolling Based on Houston v. Lack." [Doc. 1 at 15].

5

(1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing.  United States v. Oriakhi, 394 F. App'x 976, 977 (4th Cir. 2010).  Petitioner has not shown that he was diligent in filing his § 2255 motion or that some extraordinary circumstance prevented the timely filing of his petition.  Thus, he is not entitled to equitable tolling, and the petition will be dismissed as untimely.[3]

The Court further observes that, even if this Court were to apply equitable tolling, Petitioner would still not be entitled to relief on his two claims.  Petitioner challenges the calculation of both his Criminal History Category and his Total Offense Level.  First, he asserts that no criminal history points should have been assessed because neither of the convictions at issue were felonies under Simmons.  For a conviction to count toward criminal history, however, it does not need to be a felony.  Neither conviction was counted as having carried a sentence in excess of one year.  Simmons is completely inapplicable to the calculation of Petitioner's Criminal History Category.

---

[3]   The Court finds that, based on Petitioner's discussion of timeliness in his petition, the rule articulated in Hill v. Braxton, 277 F.3d 701(4th Cir. 2002), has been satisfied.  In Hill v. Braxton, the Fourth Circuit found that district courts are required to advise a pro se petitioner that his habeas motion or petition is subject to dismissal as time-barred under the AEDPA, and to give petitioner an opportunity to explain his delay before entering a sua sponte dismissal of the case.  Id. at 706.  In any event, because the petition is subject to dismissal on the merits and due to Petitioner's plea waiver, allowing Petitioner to submit further argument on the timeliness issue would be a fruitless endeavor.

Petitioner also contends that he should not have received a two offense level increase pursuant to U.S.S.G. § 2D1.1(b)(1) based on possession of a dangerous weapon. Petitioner notes in the petition that counsel objected to the enhancement, and Petitioner contends that "[w]hile counsel clearly offers no additional support for the objection, the Court is under its duty to ensure that its 'findings of fact and conclusions of law' are predicated upon facts supporting statutory provisions. . . ." [Doc. 1 at 14]. To the extent that Petitioner contends that this Court erred in finding at sentencing that Petitioner possessed a dangerous weapon, a claim relating to an error in the application of the sentencing guidelines is not cognizable under § 2255.[4] United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999) ("Barring extraordinary circumstances, however, an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding.").

In addition to the fact that the § 2555 petition is time-barred and without merit, Petitioner's claims are subject to dismissal because he waived his right in his plea agreement to bring such claims. See [Criminal Case No. 1:05-cr-23, Doc. 71 at 5: Plea Agreement]. Such a waiver is

---

[4] Petitioner has not designated his claim related to the dangerous weapon enhancement as a claim for ineffective assistance of counsel, but any such claim would fail, as Petitioner concedes that counsel objected to the enhancement.

7

enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."); see also United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing appeal of defendant challenging sentencing enhancement in light of Simmons because defendant waived his right to appeal his sentence in his plea agreement); United States v. Snead, No. 11-5100, 2012 WL 541755 (4th Cir. Nov. 7, 2012) (unpublished) (same).

Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a post-conviction proceeding. [See Criminal Case No. 1:05-cr-23, Doc. 81: Entry and Acceptance of Guilty Plea]. His petition does not present either a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct. Accordingly, neither of the exceptions to his waiver applies, and his motion to vacate would be subject to dismissal even if it were not time-barred.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss the § 2255 petition as untimely.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 motion to vacate [Doc. 1] is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that The Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.** Signed: May 20, 2014

Martin Reidinger
United States District Judge